Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/28/2022



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENNETH EUGENE SHELTON, | ) | CASE NO: 3:16-bk-07936 |
| | ) | CHAPTER 13 |
| Debtor. | ) | JUDGE CHARLES M. WALKER |

**ORDER GRANTING MOTION TO UTILIZE INSURANCE PROCEEDS
TO PURCHASE SUBSTITUTE COLLATERAL
&
TO REQUIRE LIENHOLDER TO RELEASE LIEN ON TITLE OF
DESTROYED VEHICLE TO ALLOW DISPOSITION OF SALVAGE**

This cause came before the Court on Wednesday, February 23, 2022, upon the *Debtor's Expedited Motion to Utilize Insurance Proceeds to Purchase Substitute Collateral and to Require Lienholder to Release Lien on Title of Destroyed Vehicle to Allow Disposition of Salvage* [Court Docket No. 67]. It appears to the Court that no objections, responses, or otherwise were filed or raised at the hearing. It is therefore

ORDERED that the Debtor shall use the insurance proceeds to purchase a replacement vehicle of substantially similar value, subject to approval of Insolve Auto Funding. It is further

ORDERED the approval of the replacement vehicle must be sent to Insolve Auto Funding, by way of a buyer's order. Insolve Auto Funding, shall have 72 hours to inspect and/or investigate if the replacement vehicle is substantially similar and to accept or reject the vehicle as a replacement. If Insolve Auto Funding, fails to reject the vehicle within 72 hours upon the receipt of a buyer's order, then it is automatically deemed as accepted. It is further

ORDERED that once the approved buyer's order is provided to Progressive Insurance Company, the insurance company shall make a check payable to the dealership from which the Debtor is purchasing

the replacement vehicle in an amount equal to the insurance coverage or the total purchase price indicated on the buyer's order, whichever is less within 72 hours. It is further

ORDERED that should Insolve Auto Funding, fail to approve a second submitted buyer's order, Insolve Auto Funding, shall be given 72 hours in which to locate an available vehicle meeting their requirement available for purchase within 100 miles of Debtor's residence at the amount of the insurance proceeds or less. If Insolve Auto Funding, fails to provide this information, then the last submitted buyer's order shall be deemed accepted. It is further

ORDERED should the replacement vehicle's purchase price exceed the estimated insurance proceeds then the Debtor shall be responsible for paying the difference at the time of purchase. It is further

ORDERED that should the replacement vehicle's purchase price be less than the insurance proceeds, insurance company shall make a check payable to the dealership for the amount necessary to purchase the vehicle and the excess funds shall be made payable to Insolve Auto Funding. Should Insolve Auto Funding, receive any excess funds, they shall amend their proof of claim with the Court within 30 days. It is further

ORDERED that Insolve Auto Funding, shall release its lien on the Certificate of Title to the totaled automobile and provide the Title to the insurance company. As consideration for the release of its security interest in the totaled automobile, the replacement vehicle shall be substituted as collateral and Insolve Auto Funding, shall be granted a lien on said replacement vehicle.

IT IS SO ORDERED.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

Approved For Entry By:

*/s/ Jon D. Long*
Jon Daniel Long, TN Bar # 31211
Long, Burnett & Johnson, PLLC
302 42nd Avenue North
Nashville, TN 37209
T: 615-386-0075/F: 615-864-8419
ecfmail@tennessee-bankruptcy.com
*Attorney for Debtor*

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.